**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO. H-05-1780 |
| MIKE & CHARLIE'S INC., *et al.*, | | |
| Defendants. | | |

**MEMORANDUM AND OPINION**

On May 18, 2005, the Secretary of Labor filed this suit against Mike and Charlie's, Inc., d/b/a Mike and Charlie's, Charles Bass II, and Michael Faul, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. The Secretary asked this court to, among other things, enjoin defendants from violating the provisions of §§ 6, 7, 11, 15(a)(2) and (15)(a)(5) of the FLSA, and to restrain any withholding of payment of minimum wages and compensation found to be due to defendants' former employees under the FLSA. On September 7, 2005, Bass filed a chapter 7 bankruptcy proceeding in the Southern District of Texas. On November 2, 2005, he filed a suggestion of bankruptcy in this court and asked that this case be stayed under 11 U.S.C. § 362(a). (Docket Entry No. 13). The Secretary has responded, (Docket Entry Nos. 14–15), arguing that this action falls under the "police or regulatory power" exception from the automatic stay provision. 11 U.S.C. § 362(b)(4). It does not appear that any of the other defendants have filed for bankruptcy protection.

When a party files for bankruptcy, all litigation against the debtor in other forums is

1

automatically stayed. 11 U.S.C. § 362(a). When a party seeks to begin or continue proceedings in one court against a debtor or property protected by the automatic stay, the nonbankruptcy court must determine whether the automatic stay applies. *Chao v. Hosp. Staffing Services, Inc*., 270 F.3d 374, 384 (6th Cir. 2001).

Section 362(b)(4) states in relevant part:

> Filing a voluntary petition does not operate as a stay of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's . . . police or regulatory power.

11 U.S.C. 362(b)(4).

Determining whether the action is stayed depends on the nature of the lawsuit and the relief requested. Although the Fifth Circuit has not written in this area, other circuits interpreting the regulatory and police power exception generally use two tests to determine whether a governmental action falls within the exception to the automatic stay: the "pecuniary purpose" test and the "public policy" test. *Hosp. Staffing*, 270 F.3d at 385. Under the pecuniary purpose test, reviewing courts focus on whether the governmental proceeding relates primarily to the protection of the government's pecuniary interest in the debtor's property, and not to matters of public safety or public policy. Proceedings that relate primarily to matters of public safety or public policy are excepted from the stay. Under the public policy test, reviewing courts must distinguish between proceedings that adjudicate and advance private rights and those that effectuate public policy. Only proceedings that effectuate public policy are excepted from the stay. *Id*. at 385–86 (quoting *Word v. Commerce Oil Co.* (*In re Commerce Oil Co.*), 847 F.2d 291, 295 (6th Cir. 1988)).

The cases applying these tests recognize that an action by the Secretary often furthers both public and private interests. When the private interests do not significantly outweigh the public benefit from enforcement, "courts defer to the legislature's decision to vest enforcement authority in the executive and recognize such actions as within 'such governmental unit's police and regulatory power,' as that term is used in § 362(b)(4)." *Hosp. Staffing*, 270 F.3d at 390. When an action substantially adjudicates private rights and only incidently serves the public interest, courts regard the suit as outside the police power exception. In making this determination, courts focus on whether a successful suit would result in a pecuniary advantage over other creditors of the estate; if so, the exemption under section 326(b)(4) does not apply. *Id*.

Courts have recognized the public interest in restraining violations of the FLSA's minimum wage and overtime provisions. *See Hospital Staffing*, 270 F.3d at 392 (citations omitted). In *Eddleman v. United States Dep't of Labor*, 923 F.2d 782, 791 (10th Cir. 1991), *overruled in part on other grounds by Temex Energy, Inc. v. Underwood, Wilson, Berry, Stein & Johnson*, 968 F.2d 1003 (10th Cir. 1992), the Tenth Circuit held that an enforcement proceeding brought by the United States Department of Labor to liquidate claims for back wages under the minimum wage requirements of the Service Contract Act ("SCA"), 41 U.S.C. § 351(requiring federal government contractors to pay certain minimum wages and fringe benefits) was excepted from the stay as a proceeding to enforce the police or regulatory power under section 362(b)(4) of the Bankruptcy Code. The court held that the DOL's pursuit of back pay claims was not primarily intended to advance the government's pecuniary interest but instead to prevent unfair labor competition by companies paying substandard wages. *Eddleman*, 923 F.2d at 791. The court also found that the action passed the "public policy test." Despite the fact the DOL sought liquidation of back pay claims for specific individuals, the

3

court did not characterize the use of that remedy as an assertion of private rights. Instead, the court concluded that it was but another method of enforcing the policies underlying the SCA. This conclusion was "bolstered by the fact that the back pay claimants would not receive any extra priority by virtue of the DOL action." *Id*. The court directed the collection of back pay claims to proceed according to normal bankruptcy procedures.

Most courts faced with the issue have determined that the exception applies. *See Eddleman*, 923 F.2d at 791 n.12; *see also Martin v. Chambers*, 154 B.R. 664, 667 (E.D. Va. 1992) ("[The Secretary's] action against Defendant was brought pursuant to its mandate to regulate and enforce fair labor standards. Therefore, as to [the Secretary's] action to restrain Defendant from further violation of the FLSA, this Court is not required to grant a stay of the proceedings."); *Donovan v. Health Care Res., Inc*., 44 B.R. 546, 547 (W.D. Mo. 1984) ("[P]roceedings instituted by the Secretary under § 17 of the FLSA constitute an exercise of police or regulatory powers, and as such, are exempt from the automatic stay provisions of 11 U.S.C. § 362(a)."); *Chao v. BDK Industries, L.L.C.*, 296 B.R. 165, 166–70 (C.D. Ill. 2003) ( finding that FLSA enforcement proceedings were exercise of police or regulatory power within the exception to the automatic stay provision).

The Bankruptcy Code draws a distinction between entry and enforcement of a money judgment, allowing entry but not enforcement. *See NLRB v. P*I*E Nationwide, Inc*., 923 F.2d 506, 512 (7th Cir. 1991) ("[T]he [NLRB] does not run afoul of [the predecessor to section 362(b)(4) by attempting to reduce a claim to judgment: the [NLRB] is merely seeking entry of judgment and is not trying to seize [defendant's] property").

Here, the Secretary seeks to enjoin defendants from violating the provisions of sections 7, 11, 15(a)(2) and (15)(a)(5) of the FLSA; and, second, to restrain any withholding of payment or

minimum wages and compensation found to be due to defendants' former employees under the FLSA. If the Secretary prevails, this court would conclude that back wages are due and permanently enjoin defendants from violating the FLSA in the future. The Secretary would not obtain title to any goods nor be able to enforce a money judgment. These remedies are not designed to advance the government's pecuniary interest. *See Hospital Staffing*, 270 F.3d at 389; *Eddleman*, 923 F.2d at 791.

The pecuniary purpose test for determining whether this action falls within section 362(b)(4) is satisfied. The public policy test is also satisfied. Although the Secretary's action advances the private rights of the unpaid employees, that is only one component of the lawsuit. Additionally, the action would not afford the former employees priority because the collection of claims will be pursued as a claim in the pending bankruptcy action.

The Secretary's enforcement proceeding is exempt from the automatic stay pursuant to 11 U.S.C. § 362(b)(4). This action will not be stayed against Bass. Although the Secretary may seek to obtain a judgment, including a money judgment, it cannot collect on any judgment entered by this court during the pendency of the bankruptcy stay.

The request for a stay is denied.

SIGNED on January 4, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge